UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WILLIAM ELDER,

                              Plaintiff,

                                                                         Case # 16-CV-290-FPG

v.

                                                                         DECISION AND ORDER

ERIC D. HARGAN,[1] as Acting
Secretary of the Department of Health
and Human Services,

                              Defendant.

## INTRODUCTION

On April 14, 2016, Plaintiff William Elder filed a Complaint alleging that Defendant Secretary of the Department of Health and Human Services committed legal error when he reversed the decision of a Medicare Administrative Law Judge ("ALJ") that found Elder's post-hospital stay in a skilled nursing facility ("SNF") was covered and reimbursable by Medicare. ECF No. 1. Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 10, 14. For the reasons that follow, Plaintiff's motion, ECF No. 10, is GRANTED, and Defendant's motion, ECF No. 14, is DENIED.

## BACKGROUND[2]

On May 27, 2013, Plaintiff William Elder was transferred to Erie County Medical Center ("ECMC") to treat broken bones in his left leg. Tr. 289. He was 89. *Id.* Elder remained in the hospital for ten days, until June 6, 2013. *Id.* Elder was then discharged to Absolut of Salamanca ("Absolut"), an SNF, for further rehabilitative services until he left after June 30, 2013. Tr. 365.

---

[1] Eric D. Hargan is now the Acting Secretary of the Department of Health and Human Services and is therefore substituted for Thomas D. Price, M.D., as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).
[2] All record citations will be denoted as "Tr. __."

1

On March 20, 2014, Elder was denied Medicare coverage for his SNF bill, which totaled $5,850.00. Tr. 205-08. Elder appealed this decision twice. Tr. 219-223, 263. The first decision, the "redetermination" decision, denied coverage "because Mr. Elder did not have a qualifying hospital stay prior to being admitted" to Absolut. Tr. 263. The second decision, the "reconsideration" decision, denied coverage for Elder's SNF bill because the documentation submitted for review showed that the SNF services "were not reasonable and medically necessary." Tr. 222. Elder ultimately requested an ALJ hearing. Tr. 189-95.

ALJ O'Leary held a hearing on June 25, 2015, and issued a decision granting Medicare coverage of Elder's SNF bill on July 7, 2015. Tr. 80-115. ALJ O'Leary identified two issues for review decided unfavorably at the redetermination and reconsideration stages: (1) whether Elder had a Medicare qualifying inpatient hospital stay of at least three days before entering Absolut, and (2) whether Medicare covered the SNF services Absolut provided. Tr. 83. ALJ O'Leary found that (1) Elder's stay at ECMC was medically reasonable and necessary and (2) Elder received skilled rehabilitation services at Absolut that were reasonable and medically necessary. Tr. 113-14. Accordingly, ALJ O'Leary determined that Elder was entitled to have Medicare coverage for his SNF bill. Tr. 114.

A company contracted to review and refer ALJ decisions containing an error of law to the Medicare Appeals Council ("MAC") referred ALJ O'Leary's decision to the MAC. Tr. 71. On December 1, 2015, the MAC reversed ALJ O'Leary's decision. Tr. 70. The MAC made two key findings. First, it noted that the claim for Medicare coverage of Elder's hospital stay[3] was separate for his claim for coverage of his SNF bill. Tr. 68. Elder's claim for Medicare coverage of his stay at ECMC was also denied initially, and on redetermination and reconsideration. *Id.* Second, the

---

[3] Although not at issue in this action, Elder made a separate claim for Medicare coverage of his stay at ECMC that the MAC denied. Tr. 65-66.

MAC found that ALJ O'Leary "lacked jurisdiction to review [the hospital claim] since that claim was not considered at either the redetermination or reconsideration phases." Tr. 69.

This action followed the MAC's reversal of ALJ O'Leary's decision.

## LEGAL STANDARD

The Court will uphold[4] "the Secretary's findings of fact if they are supported by 'substantial evidence,' 42 U.S.C. § 405(g), 42 U.S.C. § 1395ff(b)(1)(A), but reviews the Secretary's conclusions of law *de novo*," *Keefe ex rel. Keefe v. Shalala*, 71 F.3d 1060, 1062 (2d Cir. 1995). The Court may set aside the Secretary's decision if it is based on "legal error." *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (reviewing an ALJ decision for Social Security benefits under 42 U.S.C. § 405(g)).

The Secretary's interpretation of his agency's regulations controls "unless plainly erroneous or inconsistent with the regulation[s]." *Encarnacion ex rel. George v. Astrue*, 568 F.3d 72, 78 (2d Cir. 2009) (quoting *Auer v. Robbins*, 519 U.S. 452, 461 (1997)). This deference, however, is not absolute. The Secretary's interpretation must be "a plausible construction of the language of the actual regulation." *Bruh v. Bessemer Venture Partners III L.P.*, 464 F.3d 202, 207 (2d Cir. 2006) (quoting *Ehlert v. United States*, 402 U.S. 99, 105 (1971)).

## DISCUSSION

Under the Secretary's regulations, an individual who is unsatisfied with the reconsideration of their claim may request a hearing before an ALJ. 42 C.F.R. § 405.1000(a). The ALJ conducts a *de novo* review of the decision below and may generally consider only issues "that were brought out in the initial determination, redetermination, or reconsideration that were not decided entirely in a party's favor." 42 C.F.R. §§ 405.1000(a), 405.1032(a).

---

[4] There are no factual disputes before the Court. ECF No. 10-1 at 10.

To qualify for Medicare coverage of post-hospital care in an SNF, an individual must "have been hospitalized in a . . . qualified hospital . . . for medically necessary inpatient . . . care[] for at least 3 consecutive days. . . ." 42 C.F.R. § 409.30(a).[5]

Additionally, the Centers for Medicare & Medicaid Services ("CMS"), an agency within the Department of Health and Human Services that administers the Medicare program, issued a regulation explaining that it has a

> longstanding policy regarding the financial liability of the beneficiary or the SNF in situations where the inpatient hospital stay is subsequently denied after SNF admission. Under this policy, the 3-day inpatient hospital stay which qualifies a beneficiary for 'posthospital' SNF benefits need not actually be Medicare-covered, as long as it is medically necessary.

Medicare Program, 78 Fed. Reg. 50,496-01, 50,921 (Aug. 19, 2013) (to be codified at 42 C.F.R. pts. 412-14, 419, 424, 482, 485, 489).

Here, the Secretary committed legal error when he reversed ALJ O'Leary's decision. First, based on the Secretary's own regulations, ALJ O'Leary properly considered whether Elder's hospital stay met the requirements for Medicare coverage of his SNF care. At both the redetermination and reconsideration stages of Elder's appeal, Medicare contractors found that Elder's stay at ECMC was not covered by Medicare and thus disqualified him from coverage for his SNF care. Tr. 222, 264. Therefore, because the issue was considered at both the redetermination and reconsideration stages of Elder's appeal, and was not decided in Elder's favor, ALJ O'Leary had the jurisdiction to consider it. 42 C.F.R. § 405.1032(a).

Indeed, it would be illogical for the Medicare contractors and ALJ O'Leary not to consider whether Elder's stay at ECMC qualified him for Medicare coverage of his SNF care. The Secretary's own regulations state that it is a precondition for coverage. 42 C.F.R. § 409.30(a).

---

[5] There are also requirements for the level of care received at the SNF that ALJ O'Leary considered, but are not at issue here. *See* 42 C.F.R. §§ 409.30, 409.31.

Second, the Secretary's regulations explain that "the 3-day inpatient hospital stay which qualifies a beneficiary for 'posthospital' SNF benefits need not actually be Medicare-covered, as long as it is medically necessary." Medicare Program, 78 Fed. Reg. at 50,921. Therefore, ALJ O'Leary's determination that Elder's stay at ECMC was medically necessary was proper even though Elder's separate claim for Medicare coverage of his stay at ECMC was denied. The Secretary's arguments regarding "collateral adjudication" of the hospital claim belie its own regulations. The regulations clearly contemplate the ability of a beneficiary to receive Medicare coverage of SNF care even when they were denied coverage for their preceding hospital stay.

The Secretary makes a variety of arguments to support the MAC's denial of Elder's claim for Medicare coverage of his SNF care, including citation to cases he claims support his position. Those arguments are without merit. The Court notes that the Secretary failed to address the very regulation Elder used to show that he could receive Medicare coverage for his SNF care. ECF No. 17 at 5 ("More notable, however, is the fact [that] the Secretary has failed to even acknowledge Mr. Elder's argument regarding a published interpretation of regulations related to coverage of SNF claims."). Consequently, the Secretary's interpretation is not "a plausible construction of the language of the actual regulation." *Bruh*, 464 F.3d at 207 (quoting *Ehlert*, 402 U.S. at 105).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings, ECF No. 10, is GRANTED, and Defendant's Motion for Judgment on the Pleadings, ECF No. 14, is DENIED. Because both ALJ O'Leary's decision and the MAC's decision occurred over 180 days ago, the MAC's decision is reversed and ALJ O'Leary's decision stands without further review. 42 C.F.R. §§ 405.980(d)(2), (3). The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: January 26, 2018
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court